IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VIKKI RENEE MAGUIRE, ) | |
| ) | CASE NO. 4:13-CV-2545 |
| Plaintiff, ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| ) | KENNETH S. McHARGH |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | **MEMORANDUM OPINION &** |
| ) | **ORDER** |
| Defendant. ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 14). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Vikki Maguire's ("Plaintiff" or "Maguire") application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I.  PROCEDURAL HISTORY

Maguire protectively filed an application for Supplemental Security Income benefits around January 21, 2011. (Tr. 10, 115-20).  Plaintiff alleged she became disabled on September 1, 2010, due to suffering from clinical depression, anxiety disorder, attention deficit disorder ("ADD"), obsessive compulsive disorder ("OCD"), fibromyalgia, and flat feet. (Tr. 115, 140). The Social Security Administration denied Plaintiff's application on initial review and upon reconsideration. (Tr. 74-76, 80-82).

At Plaintiff's request, administrative law judge ("ALJ") Paula Goodrich convened an administrative hearing on September 6, 2012, to evaluate her application. (Tr. 28-53).  Plaintiff, represented by counsel, appeared and testified before the ALJ. (*Id*).  A vocational expert ("VE"), Barbara Burke, also appeared and testified. (*Id.*).

On September 12, 2012, the ALJ issued an unfavorable decision, finding Maguire was not disabled. (Tr. 10-23).  After applying the five-step sequential analysis,[1] the ALJ determined Plaintiff retained the ability to perform work existing in significant numbers in the national economy. (*Id.*).  Subsequently, Plaintiff requested review of the ALJ's decision from the Appeals Council. (Tr. 5).  The Appeals Council denied the request for review, making the ALJ's February

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability."  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)  If a claimant is doing substantial gainful activity–i.e., working for profit–she is not disabled.

(2)  If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)  If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)  If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)  Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

2

22, 2012 determination the final decision of the Commissioner. (Tr. 1-4). Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 1383(c)(3).

Plaintiff was born on February 10, 1972, and was 40-years-old on the date the ALJ rendered her decision. (Tr. 54). As a result, Plaintiff was considered a "younger person" for Social Security purposes. 20 C.F.R. § 416.963(c). Maguire completed high school, during which she was enrolled in a learning disabled program. (Tr. 36). Maguire has no past relevant work. (Tr. 21).

## II. SUMMARY OF THE ALJ'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since January 21, 2011, the application date.

2. The claimant has the following severe impairments: depression, anxiety, attention-deficit disorder ("ADD"), posttraumatic stress disorder ("PTSD"), and alcoholism in remission.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:
   - Can perform tasks in a static environment with infrequent changes in job responsibilities;
   - Can make simple work-related decisions;
   - Is not able to perform at a production rate pace (such as would be encountered in assembly line work), but can perform goal oriented work; and
   - Can have occasional interaction with the public.

5. The claimant has no past relevant work.

6. The claimant was born on February 10, 1972, and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a high school education and is able to communicate in English.

3

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 21, 2011, the date the application was filed.

(Tr. 12-23) (internal citations omitted).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed.  *Id.*

4

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

### A. The ALJ's finding at step five

Plaintiff takes issue with the ALJ's finding at step five of the sequential analysis. She asserts that there are no jobs available that she can perform given her impairments. Maguire argues that the VE's responses to the hypothetical questions posed during the administrative hearing support a finding of disability.

At the fifth and final step the sequential analysis, the ALJ must determine whether, in light of the claimant's residual functional capacity, age, education, and past work experience, the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4). The Commissioner carries the burden to prove the existence of a significant number of jobs in the national economy that a person with the claimant's limitations could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, there must be a finding supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 799 (6th Cir. 2004) (*quoting Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). Substantial evidence may be produced

5

through reliance on the testimony of a VE in response to a hypothetical question if the question accurately portrays the claimant's impairments. *Workman*, 105 F. App'x at 799 (*quoting Varley*, 820 F.2d at 779).

A hypothetical question must incorporate all of the claimant's physical and mental limitations, but this principle "does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (*quoting Redfield v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 489, 497 (E.D. Mich. 2005)). In fashioning a hypothetical question to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the ALJ posed a hypothetical question to the VE setting forth Plaintiff's limitations as described in the RFC. (Tr. 49). Based on this question, the VE testified that Plaintiff could perform the requirements of a significant number of jobs in the national economy, which included the positions of a housekeeping cleaner, an automatic car wash attendant, and a commercial cleaner. (Tr. 22, 49-50).

Two additional hypothetical questions were then presented to the VE. The hypothetical questions separately described the following limitations: (1) that Plaintiff would be regularly absent from work for more than one day per month due to her mental impairments, and (2) that Plaintiff was unable to work more than four-hour shifts (i.e. she is only capable of performing part-time work). (Tr. 50-51). The VE explained that these limitations would totally erode the occupational based at all exertional levels. (*Id.*).

Plaintiff now argues that the ALJ should have found her disabled on the basis of the VE's responses to the additional hypothetical questions described above involving absenteeism and

6

part-time work. According to Plaintiff, the VE's testimony in this regard conclusively establishes that there are no available jobs. She asserts that by rejecting the VE's responses to these hypothetical questions, the ALJ improperly exercised medical judgment.

In her opinion, the ALJ acknowledged that VE Burk's testimony addressing these two additional hypothetical questions entirely eroded the occupational base. (Tr. 22). Nevertheless, the ALJ explained that she did not incorporate the limitations contained in these hypothetical questions into Maguire's RFC because the restrictions were inconsistent with the record as a whole. (*Id.*).

The undersigned concludes that the ALJ reasonably chose not to adopt the absenteeism and part-time work limitations that Plaintiff now asserts render her disabled. It is Plaintiff's burden to prove her impairments so restricted her ability to work. *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 530 (6th Cir. 1981). In her brief on the merits, Plaintiff points to no evidence from a medical provider, or any other evidence, showing that she would miss work at least once per month, or that she must be limited to four hour work shifts. Nor does Plaintiff explain how the ALJ was incorrect in concluding that these limitations were inconsistent with the record as a whole. Accordingly, Plaintiff fails to establish error on the part of the ALJ in rejecting these limitations.

In a footnote that relates to the ALJ's finding at step two of the sequential evaluation, Plaintiff notes that the seriousness of her condition is demonstrated by 2013 and 2014 hospital records recounting a suicide attempt and treatment for anxiety. However, these records were not before the ALJ when she issued her decision on September 12, 2012. (Tr. 23). Evidence submitted after the ALJ's decision is rendered cannot be considered part of the record for the purposes of the district court's substantial evidence review. *See Foster v. Halter*, 279 F.3d 348,

357 (6th Cir. 2001) (*citing Cline v. Comm'r of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996).  Accordingly, the Court cannot consider this evidence now.  "The district court can . . . remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Id.*   However, Maguire has not set forth arguments requesting remand on the basis of new evidence, and, as a result, the undersigned declines to address whether it would be appropriate.

In its brief, the Commissioner cites to evidence from Plaintiff's involvement with the Ohio Bureau of Vocational Rehabilitation ("BVR") around 2004, a number of years prior to the period for which Plaintiff's alleges disability.  Beginning on March 1, 2004, Plaintiff underwent a two week vocational evaluation and assessment, after which evaluator Deborah Tanner, M.Ed., issued a vocational assessment report. (Tr. 279-89).  Due to Maguire's status as a single parent with three children and her involvement in counseling services, Ms. Tanner recommended a part-time work schedule involving a four-hour shift. (Tr. 286).  Additionally, Ms. Tanner noted absenteeism was an issue for Maguire, and her absences were caused by schedule conflicts, her son's illness, and severe weather conditions. (Tr. 279).  The report indicated that Plaintiff had one schedule conflict due to a counseling appointment and another due to an "Ohio Works First" event. (*Id.*).

While the evidence the Commissioner points to relates to Plaintiff's attendance and work hours, Plaintiff failed to properly raise this evidence anywhere in her brief.  The Magistrate Judge's Initial Order, issued on November 19, 2013, specifies that a plaintiff's brief must include a "Facts" section wherein the brief must cite, by exact and specific transcript page number, the pages relating the facts described. (Doc. No. 7).  The order further states that all facts relevant to

8

the legal issues and arguments must be set out in the facts section. (*Id.*). Plaintiff's brief does not conform to this requirement. Nevertheless, had Maguire appropriately directed the Court to the evidence highlighted by the Commissioner, her argument would remain insufficient to establish error on the part of the ALJ.

In her opinion, the ALJ confronted Ms. Tanner's vocational evaluation report and accurately found that Maguire's attendance problems were not attributable to her mental health. (Tr. 20, 279). In other words, the ALJ explained that the effects of Plaintiff's mental health impairments did not prevent her from attending work. While the evaluation report shows Plaintiff had one conflict due to a counseling session, her remaining absences were entirely unrelated to her mental health, and instead centered on child care, the weather, and other conflicts. Accordingly, the ALJ reasonably did not credit the attendance issues identified by Ms. Tanner because they were predominantly due to factors unrelated to Plaintiff's mental health impairments.

The ALJ did not directly discuss Ms. Tanner's recommendation for part-time work, but even so, any error that may exist in this regard is harmless. It is well established that "[a]n ALJ need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). Where remand would be an "idle and useless formality," courts are not required to demand further review of agency action. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (*citing NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969)). Ms. Tanner based the part-time work recommendation, in significant part, on Plaintiff's status as a single mother. Accordingly, the ALJ's rationale for discrediting Ms. Tanner's absentee limitations would apply

to the evaluator's part-time work recommendations.  A remand in order for the ALJ to reiterate this logic would prove fruitless.

In summary, Plaintiff failed to identify evidence in support of the limitations set forth in the additional hypothetical questions to the VE.  Moreover, upon review of evidence which the Commissioner points to that may bolster such limitations, the Court finds that the ALJ's rejection of such evidence to be substantially supported.  As a result, the ALJ was not obligated to accept or rely upon the VE's testimony presented in response to the hypothetical questions which included these limitations.  *See Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994).

Finally, Plaintiff's allegation that the ALJ substituted her medical judgment in rejecting the VE's testimony is not well-taken. "An ALJ does not improperly assume the role of a medical expert by assessing the medical and nonmedical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (internal citations omitted).  Here, the ALJ properly exercised her discretion to weigh all of the evidence and reject the attendance limitations as incredible.  In doing so, the ALJ did not exceed her authority. *See Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993).  Consequently, Plaintiff's allegation of error does not warrant remand.

### B. Plaintiff's additional allegations of error

On the first page of her brief of the merits, Maguire identifies as a "legal issue" the ALJ's failure to give controlling weight to her "medical provider" and the ALJ's failure to "consider the chronology of problems."  Beyond this conclusory statement of errors, Maguire sets for no substantive analysis to support her allegation that the ALJ erred in weighing the opinion of one of her medical sources or considering the evidence.  Moreover, Plaintiff does not identify which

10

medical provider she refers to, rendering the Court unable to address this argument. It is also unclear what Plaintiff means when she refers to the "chronology of her problems." As previously indicated, a review of the ALJ's opinion demonstrates that the ALJ thoroughly considered the record and the development of Plaintiff's impairments over time when making the disability determination. It is not the Court's duty to develop arguments for Plaintiff.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the final decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date:  December 17, 2014.